IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN T. ORR                                                          PLAINTIFF

vs.                                    Civil No. 6:17-cv-06128

NANCY A. BERRYHILL                                          DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

John T. Orr ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for

Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of

disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff protectively filed his disability applications on July 31, 2014 (DIB) and on April 30,

2015 (SSI).  (Tr. 58).  In his applications, Plaintiff alleges he was disabled due to hypertension,

COPD, "kryptocacus," arthritis, a "cut tendon in pinky," and "pain from screws in ankle." (Tr. 249).

Plaintiff alleges an onset date of July 31, 2014. (Tr. 58).  These applications were denied initially and

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

again upon reconsideration. (Tr. 121-139).

Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (Tr. 80-120, 148-149). Plaintiff's first administrative hearing was held on February 8, 2016, and Plaintiff's second administrative hearing was held on October 11, 2016. (Tr. 80-120). Plaintiff's second administrative hearing was held in Little Rock, Arkansas. (Tr. 108-120). At this hearing, Plaintiff was present and was represented by Stanley Brummal. *Id.* Plaintiff and Vocational Expert ("VE") Cola Brown testified at the hearing in this matter. *Id.*

On December 15, 2016, the ALJ entered an unfavorable decision on Plaintiff's disability applications. (Tr. 55-79). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2010. (Tr. 61, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 61, Finding 2). The ALJ determined Plaintiff had the following severe impairments: chronic obstructive pulmonary disease, hypertension, insomnia, obstructive sleep apnea, obesity, remote right ankle fracture, anxiety, and borderline intellectual functioning. (Tr. 61, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 61-65, Finding 4).

The ALJ determined Plaintiff had a limited education but was able to communicate in English. (Tr. 72, Finding 8). The ALJ also determined Plaintiff was forty-four (44) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) (DIB) and under 20 C.F.R. § 416.963(c) (SSI). (Tr. 72, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

(Tr. 65-72, Finding 5).  Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can no more than occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds.  The claimant can not more than frequently crawl and no more than occasionally balance, stoop, kneel, and crouch.  He can no more than frequently reach, handle, and finger with his bilateral upper extremities and can no more than frequently operate foot controls with his bilateral low extremities.  The work must not expose the claimant to concentrated fumes, odors, or gases.  The work must be limited to simple, routine, repetitive jobs under supervision with simple, direct, and concrete direction, SVP 1 or 2 jobs that can be learned within thirty days training.  Additionally, the claimant can only perform jobs that do not require contact with the general public.

*Id.*

The ALJ determined Plaintiff was unable to perform any of his Past Relevant Work ("PRW").  (Tr. 72, Finding 6).  The ALJ, however, found Plaintiff did retain the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 73).  The VE testified at the administrative hearing regarding this issue. (Tr. 73).  Specifically, the VE testified Plaintiff retained the capacity to perform work as a circuit board assembler (sedentary, unskilled work) with 10,000 such jobs in the nation and as a toy stuffer (sedentary, unskilled work) with 25,000 such jobs in the nation.  *Id.*  Based upon these findings, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from July 31, 2014 through the date of his decision or through December 20, 2016.  (Tr. 74, Finding 11).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination.  (Tr.1-3).  On October 11, 2017, the Appeals Council declined to review the ALJ's disability determination.  *Id.*  On December 7, 2017, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on December 8, 2017.  ECF No. 5.  Both

Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See*

42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises one issue for reversal: whether the ALJ properly considered his "pulmonary cryptococcosis[2]," which is a fungal infection in his lungs. ECF No. 12 at 1-15. Plaintiff claims this impairment restricts him in his ability to breathe. (Tr. 88). As such, Plaintiff claims the ALJ should have found this was a severe impairment, and the ALJ should have found he was disabled due to this impairment. ECF No. 12 at 1-15.

At the hearing in this matter, Plaintiff testified that he cannot work because he "can't breathe."

---

[2] Plaintiff refers to this as "kryptocacus" in his application and refers to this as "cryptococcosis" in his briefing. (Tr. 88).

5

(Tr. 88). Also during the hearing in this matter, Plaintiff testified regarding his COPD and cryptococcus collectively as his lung impairments, and he even testified that his "COPD" (not cryptococcus) was his biggest problem preventing him from working. (Tr. 95-98).

As noted above, in his decision, the ALJ found Plaintiff's COPD was a severe impairment. (Tr. 61, Finding 3). As a result of this impairment, the ALJ placed breathing restrictions on Plaintiff, recognizing his "work must not expose the claimant to concentrated fumes, odors, or gases." (Tr. 65, Finding 5). Based upon his testimony and the record in this case, Plaintiff has not supplied sufficient evidence to establish his alleged cryptococcus or fungal infection would impose greater limitations than those found by the ALJ in his RFC determination. Indeed, throughout his testimony and even in his briefing in this case, Plaintiff interchangeably refers to the limitations from COPD and cryptococcus. *See, e.g.,* ECF No. 12 at 1-15 and Tr. 95-98. Thus, considering Plaintiff's bare claim on this matter, this Court finds no basis for reversal. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings).

4.    <u>Conclusion</u>:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of December 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE